MORALES ET AL., DEMANDANTES Y APELANTES, *v.* DÍAZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de contrato y daños y perjuicios.

No. 1509.—Resuelto en enero 30, 1917.

NULIDAD DE ESCRITURA—DAÑOS Y PERJUICIOS REMOTOS—PRUEBA PARA VARIAR UN CONTRATO—CONDICIONES DEL CONVENIO—FRAUDE.—En este caso se estableció

una acción sobre nulidad de un contrato de compraventa y daños y perjuicios, fundada en que el demandado, o sea el comprador en el contrato, había dejado de cumplir su promesa de dar a préstamo al vendedor cierta cantidad, siendo la promesa parte de la consideración o causa del contrato. No se alegó ni probó fraude o engaño al otorgarse el contrato ni con anterioridad al mismo, siendo los daños que se trataron de probar, que el demandante no había podido continuar el cultivo de cierta finca; que su crédito fué perjudicado y que no había podido pagar sus deudas. El demandado alegó que la promesa de préstamo era un acto independiente del contrato de compraventa y que fué debida a la situación y conducta del vendedor. La corte inferior dictó sentencia favorable al demandado basándose en que no había prueba para anular el contrato. *Se resolvió:*

1. Que la regla de que el contrato escrito ha de considerarse como que contiene todas las condiciones del convenio y que no puede haber evidencia alguna de las condiciones fuera del contenido del documento, es algo más que una mera cuestión de prueba: es una declaración de la política que debe observarse hecha por la legislatura.

2. Que en un litigio sobre las condiciones de un contrato escrito tiene que haber un fin, y con las excepciones señaladas en la Ley de Evidencia, no pueden las partes atacar su convenio solemne, a no ser que exista fraude u otro elemento parecido, y aun cuando se introduzca prueba la corte está justificada en no considerarla.

3. Que la teoría de la demanda de que el demandante fué inducido a otorgar la escritura debido a la promesa, es inconsistente con la idea de que ésta es una cuestión independiente en reclamación de daños y perjuicios por dejar el demandado de cumplir su promesa.

4. Que los daños que trataron de probarse son demasiado remotos.

TESTIGOS—DEMANDADO COMO TESTIGO DEL DEMANDANTE.—Cuando el demandante presenta al demandado como testigo suyo para probar parte de su caso, se entiende que responde por él y no puede luego alegar que su declaración debe ser recibida con cautela.

ID.—PREPONDERANCIA DE LA PRUEBA.—El número de testigos no es lo que determina la preponderancia de la prueba.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Francisco González.*

Abogado de los demandados: *Sr. Juan B. Huyke.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Silverio Morales y su esposa establecieron una acción sobre nulidad de una escritura por el fundamento de que el demandado, o sea el comprador en el contrato de compraventa, había dejado de cumplir su promesa de dar a préstamo al referido Silverio Morales la suma de $500 por el término de cinco meses. En la demanda, e incidentalmente en la prueba, nada se dice de ningún acto de fraude o inten-

ción de engañar al otorgarse la escritura de venta, o con anterioridad a dicho acto. Toda la teoría del caso del demandante estriba únicamente en la omisión del demandado en cumplir su oferta de hacer el préstamo por la referida suma de $500, siendo el convenio en cumplir dicha promesa, como alega la demanda, parte de la consideración y móvil por el cual dicho Morales entró en el contrato. También se reclamaron daños y perjuicios en la demanda por la omisión en hacerse el préstamo. El demandado alegó que la promesa de prestar los $500 era enteramente independiente del contrato de compraventa, puesto que dicho Morales ya le debía $700, y debido a la situación y conducta de Morales a que luego haremos referencia en esta opinión. También alegó el demandado que el préstamo debía tener la garantía de dos fiadores, que dicho Morales había dejado de traer los dos fiadores convenidos y que él, dicho demandado, jamás estuvo conforme en aceptar uno de los fiadores propuestos. La corte inferior dictó sentencia a favor del demandado. Los razonamientos de los abogados ante este tribunal se han refe rido casi exclusivamente al peso de la prueba, insistiendo los apelantes en que la preponderancia de la misma tendía a mostrar una promesa de hacer un préstamo como parte de la consideración o causa del contrato y que dicha prueba estaba corroborada por todos los hechos y testigos con excepción del propio demandado cuya declaración, dice el apelante, debe ser recibida con cautela. Podemos, de paso, expresar que no es el número de los testigos lo que determina la preponderancia de la prueba. Dice el apelante que la declaración del demandado debe ser recibida con cautela y sin embargo en el juicio lo presentan los demandantes como testigo para probar parte de su caso y así respondieron por él. Esta por sí sería una circunstancia que nos haría sentir poco dispuestos para variar la regla por la que debe sostenerse al juez sentenciador en la solución de un conflicto en la prueba. Si el caso estuviera sometido originalmente a nuestra consideración estaríamos dispuestos a declarar que el demandado en

realidad convino con el principal demandante en hacerle un préstamo al presentársele los dos fiadores que realmente fueron ofrecidos. La teoría del caso, sin embargo, parecía girar principalmente sobre la cuestión de si la promesa de vérificar el préstamo fué el motivo o consideración para la celebración del contrato. La corte creyó que fué un convenio independiente y respecto a este punto estuvo enteramente correcta no sólo en lo que se refiere al peso de la prueba, sino en cuanto a la ley. La corte dijo: ''Y si bien es cierto que el consentimiento prestado por error, violencia, intimidación o dolo determina la nulidad del contrato, en el presente caso no aparecen probadas ninguna de las circunstancias que anulan el consentimiento.''

Evidentemente que la corte no tuvo presente la mera cuestión del conflicto de la prueba. Vió que no había prueba para anular el contrato celebrado, y en esto está además sostenida por la Ley de Evidencia, artículos 25 y 28, que prescriben lo siguiente:

''Artículo 25.—Cuando las condiciones de un convenio se hayan consignado por las partes en un documento, se considerará que contiene éste todas dichas condiciones, por lo que no cabrá entre las partes y sus representantes o sucesores en interés, evidencia alguna de las condiciones del convenio, fuera de lo contenido en el documento, excepto en los siguientes casos:

''1. Cuando una equivocación o imperfección en el documento fuere alegado en el litigio.

''2. Cuando la validez del convenio constituyere el hecho controvertido.

''Pero este artículo no excluye otra evidencia de circunstancias bajo las cuales fuere hecho el convenio, o con las cuales se relacionare, según lo definido en el artículo 28, o para explicar una ambigüedad extrínseca, o probar ilegalidad o fraude. La palabra 'convenio' incluye escrituras y testamentos, así como contratos entre las partes.''

''Artículo 28.—Para la debida interpretación de un documento, las circunstancias bajo las cuales fuese otorgado, inclusa la situación del objeto a que se contrayere, así como la de las partes, podrán tam-

bién demostrarse, a fin de que el juez se coloque en la situación de las personas cuyo lenguaje estuviere llamado a interpretar.''

Esta regla es algo más que una mera cuestión de prueba. Es una declaración de la política que debe observarse hecha por la legislatura. Tiene por objeto lo mismo que el Estatuto Inglés de Fraudes, de donde deriva su origen, el evitar controversias de la naturaleza de la que ahora consideramos. El contrato ha de considerarse como que contiene todas las condiciones y no puede haber evidencia alguna de las condiciones del convenio fuera del contenido mismo del documento. La mayor parte de la prueba podría haber sido excluída de acuerdo con esta regla, pero aun cuando fuera admitida la corte tenía derecho a considerarla como que no era prueba. Véanse en lo que respecta al particular los casos de *Calvo* v. *Belber*, 16 D. P. R. 360, y *El Pueblo v. Alvarado*, 19 D. P. R. 870, y 30 Cyc. 1939–1940. Tiene que haber un fin en el litigio y con las excepciones señaladas en la Ley de Evidencia, no pueden las partes atacar su convenio solemne, a no ser que exista fraude u otro elemento parecido. En este caso hubo un volumen de prueba tendente a demostrar que el principal demandante realmente debía al demandado $700, y que tenía deudas con otras personas; y la prueba tendía a acreditar que dicho demandante había engañado primeramente al demandado en los asuntos relativos a ese estado de sus deudas y que el demandado empleó esa mala conducta para hacer que se otorgara la escritura.

La teoría de la demanda era la de que el demandante fué inducido a otorgar la escritura debido a la falsa promesa, cuya teoría, ya que no fué alegada otra por las partes, no se armoniza con la idea de que ésta es una acción independiente en reclamación de daños y perjuicios por dejar el demandado de cumplir la promesa de verificar un préstamo de $500. Habiendo quedado reducido a escrito el contrato principal y consignándose en el mismo todas las condiciones, para la ley, dicha promesa independiente sería sin conside-

ración o causa. Además, creemos que los daños que trataron de probarse, o sea, que Morales no podía obtener dinero para continuar el cultivo de determinada propiedad que estaba ya bajo cultivo y que su crédito fué perjudicado en Caguas y en otras partes, por no poder pagar una o más deudas, son demasiado remotos. No vemos que haya habido error y debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.