JOAQUÍN MENÉNDEZ, demandante y apelante, *v.* ENRIQUE DE LA FUENTE, demandado y apelado.

No. 3391.—*Visto:* Enero 29, 1925. *Resuelto:* Junio 19, 1925.

CONTRATOS— INTERPRETACIÓN Y OPERACIÓN *(Operation)*— CONDICIONES— CIRCUNSTANCIAS EN QUE SE CELEBRÓ. — Cuando los términos de un contrato son claros, no procede, para su interpretación, acudir a las circunstancias bajo las cuales se celebró; en tales casos no es aplicable el artículo 28 sino el 25 de la Ley de Evidencia.

SENTENCIA de *Charles E. Foote*, J. (Primer Distrito, San Juan), declarando con lugar la contrademanda, sin costas. *Revocada, declarándose con lugar la demanda y sin lugar la contrademanda, sin costas.*

*Jacinto Texidor*, abogado del apelante; *Henry G. Molina*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Joaquín Menéndez, don Enrique de la Fuente y don Juan de Arana otorgaron escritura pública en 28 de junio de 1919 en la que declararon disuelta la sociedad mercantil que tenía constituída desde el año 1916 con el nombre de J. Menéndez & Cía. y manifestaron que de conformidad con lo que tenían convenido los socios Menéndez y Arana se retiraban de todo interés y participación en la liquidación de la

sociedad, con cuyo objeto se habían liquidado sus respectivos haberes por sus capitales y beneficios, siendo pagado el del socio Menéndez con la adjudicación que se le hizo de la tienda nombrada "El Gallo de Oro" perteneciente a la sociedad y con cierta cantidad en mercancías, cediendo el socio Arana su haber a don Enrique de la Fuente mediante ciertas condiciones de pago, por lo que el Sr. de la Fuente quedó como único dueño del activo de la sociedad y de sus bienes y se hizo cargo de pagar su pasivo, de cumplir sus obligaciones pendientes y de llevar a fin de ultimar su liquidación del modo y en la forma que le conviniere, sin ingerencia ni concurrencia de los que fueron sus socios.

Algún tiempo después de esa escritura el Tesorero de Puerto Rico cobró la cantidad de $3,281.01 como contribución por los beneficios que dicha sociedad J. Menéndez & Cía. tuvo en el año 1918, y habiendo tratado de embargar la tienda "El Gallo de Oro" perteneciente a don Joaquín Menéndez, éste hizo el pago y ha demandado a don Enrique de la Fuente para que le restituya esa cantidad fundándose en que a él le corresponde satisfacerla por haberse hecho cargo del pasivo de la sociedad que tuvieron, sabiendo que esa contribución era debida.

Contestó el demandado que aunque es cierto que se hizo cargo del pasivo de la sociedad a él no le corresponde satisfacer toda esa cantidad porque no fué tenida en cuenta para la liquidación que se hizo de los respectivos haberes de los socios; que la intención de las partes contratantes en la escritura de 28 de junio de 1919 fué que el único pasivo que se comprometía a pagar era el que resultó de un balance que hicieron algunos días antes de ella del activo y del pasivo, en el que no fué incluido esa contribución, que tampoco figuraba en los libros de la sociedad: y por contrademanda alegó haber pagado la cantidad de $4,901.91 por igual contribución correspondiente al año que terminó en mayo de 1919, y que don Juan de Arana es ahora insolvente y se halla ausente de este país, por lo que solicitó fuera condenado don

Joaquín Menéndez a pagarle la cantidad de $810.45 como diferencia que le debe por ambas contribuciones.

La corte inferior dictó sentencia condenando a don Joaquín Menéndez a pagar a don Enrique de la Fuente la expresada diferencia de $810.45, sin especial condena de costas, y en el recurso que contra ella ha interpuesto el demandante alega que los términos del contrato contenido en la escritura de 28 de junio de 1919 son claros: que de acuerdo con ellos el demandado está obligado a pagar esas contribuciones por haberse hecho cargo del pasivo de la sociedad y que no debió ser admitida evidencia para probar actos anteriores al contrato o sea el balance del activo y pasivo hecho por los socios el 20 de junio de 1919 ni de sus libros para conocer si dejaron de incluirse esas contribuciones en el pasivo.

Según esa escritura Menéndez tomó sus ganancias y Arana las cedió a don Enrique de la Fuente quien quedó único dueño del activo y se comprometió a pagar su pasivo sin limitación alguna, quedando los socios que salieron impedidos de ingerencia posterior en la liquidación de la sociedad, términos que en nuestra opinión son claros, por lo que de acuerdo con el artículo 1248 del Código Civil ha de estarse para conocer la intención de las partes que lo suscribieron al sentido literal de sus cláusulas: y como don Enrique de la Fuente aceptó la obligación de pagar el pasivo, y como las contribuciones en cuestión eran debidas por la ley, forman parte de las deudas de la sociedad y de su pasivo y el demandado está obligado a satisfacerlas con exclusión de los otros socios.

Siendo claros los términos de ese contrato, según nuestra opinión, no era procedente para su interpretación acudir a las circunstancias bajo las cuales fué celebrado y no era aplicable el artículo 28 de la Ley de Evidencia (Comp. 1396) sino el 25 (Comp. 1393) preceptivo de que cuando las condiciones de un convenio se hayan consignado por las partes en un documento, se considerará que contiene éste todas sus condiciones por lo que no cabrá entre las partes evi-

dencia de las condiciones del convenio, fuera de lo contenido en el documento, excepto en ciertos casos que no son aplicables al presente.

*Por las razones expuestas la sentencia apelada debe ser revocada y dictarse otra declarando con lugar la demanda y sin lugar la contrademanda sin especial condena de costas.*