ANGELA PARÍS y su esposo IGNACIO JORGE, demandantes y apelantes, *v.* MANUEL CANETY y su esposa PALMIRA SANTOS DE CANETY, demandados y apelados.

Núm. 10533.—*Sometido:* Abril 14, 1952. *Resuelto:* Abril 28, 1952.

*L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr. y J. Pieras, Jr.,* abogados de los apelantes; *Brown, Newsom & Córdova,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ignacio Jorge y su esposa iniciaron demanda ante el Tribunal de Distrito de Puerto Rico, Sección de San Juan, en que alegaron que en 31 de diciembre de 1948 vendieron a Manuel Canety y esposa una casa y solar por la suma de $11,000, de la cual recibieron al momento de otorgarse la escritura $900 en billetes de banco; $6,000 que se reservaron los compradores para cancelar en su día una hipoteca que pesaba sobre la finca; $2,100 en diez pagarés por $200 cada uno y otro por la suma de $100, endosados por los compradores a los vendedores; y $2,000 en un pagaré al portador suscrito por Adalberto C. Iturrondo, a vencer el 18 de octubre de 1949; que todos los pagarés antes mencionados han sido satisfechos con excepción del pagaré al portador por $2,000; y que tanto Iturrondo como los demandados se han negado a satisfacerles el importe de este último pagaré, con sus intereses al tipo convenido, a pesar

de estar el mismo vencido.(¹)    En su contestación los demandados admitieron haberse negado a satisfacer el importe del pagaré en cuestión, y alegaron que el convenio entre las partes fué que dicho pagaré sería aceptado y recibido por los vendedores en pago de la parte del precio representado por la suma de $2,000 y que, según dicho convenio, al momento de otorgarse la escritura de venta ellos traspasaron todo su título, derecho e interés en el pagaré al portador, mediante la entrega del mismo a los demandantes, los que aceptaron ese pagaré en pago y satisfacción de $2,000 del precio total de la venta.    Fué el pleito a juicio y el tribunal inferior dictó sentencia, fundada en razonada opinión, declarando sin lugar la demanda.

En apelación los demandantes sostienen que el tribunal inferior erró: (1) al encontrar probado que los demandados traspasaron todo su título, derecho e interés en el pagaré al portador de $2,000, y que no existía acuerdo o convenio limitando en forma alguna la aceptación de dicho pagaré; (2) al rechazar la prueba oral ofrecida por los demandantes tendiente a demostrar la intención de las partes contratantes al efecto de que dicho pagaré no se aceptaba como pago definitivo de parte del precio de venta; y (3) al decidir el caso desestimando la demanda, sin oír prueba oral.

Al discutir el primer error señalado los demandantes ponen gran énfasis en los artículos 1111 y 1124 del Código Civil, ed. 1930.(²)    Diremos en respuesta que el pagaré al

---

(¹) El pagaré al portador por $2,000 fué depositado en la secretaría de la corte y puesto a disposición de los demandados.

(²) Los artículos 1111 y 1124 del Código Civil proveen:

"Artículo 1111.—No se entenderá pagada una deuda sino cuando completamente se hubiese entregado la cosa o hecho la prestación en que la obligación consistía."

"Artículo 1124.—El pago de las deudas de dinero deberá hacerse en la especie pactada, y no siendo posible entregar la especie, en la moneda de plata u oro que tenga curso legal en Puerto Rico.

"La entrega de pagarés a la orden, o letras de cambio u otros documentos mercantiles, sólo producirá los efectos del pago cuando hubiesen sido realizados, o cuando por culpa del acreedor se hubiesen perjudicado.

"Entretanto la acción derivada de la obligación primitiva quedará en suspenso."

portador fué *entregado* por los demandados y aceptado por los demandantes y que aun admitiendo que lo provisto por el párrafo segundo del artículo 1124 fuera aplicable a pagarés al portador, como el aquí envuelto, tal precepto de ley no tendría efectividad en este caso por no regirse dicho pagaré por el Código Civil, sino por la Ley Uniforme de Instrumentos Negociables. Núm. 17 de 22 de abril de 1930, pág. 173. Decimos esto porque esa Ley Uniforme es no sólo una ley posterior al Código Civil que en lo atinente está en conflicto con éste, sino también porque esa ley es una especial sobre la materia y debe prevalecer sobre cualquier otro precepto aplicable que sea de carácter general. De acuerdo con el artículo 2 de ella *"Para que sea negociable un documento,* deberá ajustarse a los siguientes requisitos: . . . 4.—*Será pagadero* a la orden *o al portador; . . . ."* (Bastardillas nuestras.) Como en este caso el pagaré en cuestión era uno al portador, el mismo era claramente negociable y dicha ley le es aplicable.

Según los términos de la escritura otorgada por las partes, y conforme se desprende con toda claridad de la prueba ofrecida, el pagaré por $2,000 fué entregado por los demandados a los demandantes y aceptado por éstos. Se admite que no hubo endoso del mismo. A tenor de lo provisto por el artículo 66 de la Ley Uniforme de Instrumentos Negociables, supra, *"Toda persona que negociare un documento mediante su entrega* o por endoso calificado, *garantiza:* (1) Que el documento es genuino y que es en todo sentido lo que representa; (2) Que tiene un buen título de propiedad sobre el mismo; (3) Que todas las partes que le hayan precedido tenían capacidad para contratar; (4) Que no tiene conocimiento de hecho alguno que pueda perjudicar la validez del documento o dejarlo sin efecto . . . ." Sin embargo, según el artículo 67 de la misma ley *"Toda persona que endose un documento sin condición alguna,* garantiza a todos los subsiguientes tenedores de buena fe: (1) Lo mencionado en las subdivisiones 1, 2 y 3 del artículo inmediatamente anterior; (2) Que el docu-

mento, en el momento de su endoso, era válido y estaba en toda su fuerza y efecto. *Y además se compromete a que será aceptado o pagado, o ambas cosas*, según fuere el caso, a la debida presentación del mismo, de acuerdo con sus términos; *y a que, si no se hiciere honor al documento y se hubiere seguido debidamente el procedimiento necesario en ese caso, pagará el importe del documento al tenedor o a cualquier endosante subsiguiente que pudiera ser obligado al pago.*" (Bastardillas nuestras.)    Así pues, como en este caso el pagaré al portador que sirvió de objeto a la demanda fué meramente entregado, sin ser endosado por los compradores, éstos, en armonía con los preceptos de la Ley Uniforme antes citados, no se comprometieron, a pagar el importe del mismo en caso de que los vendedores no tuvieren éxito en lograr su cobro del librador.    Véanse también 42 Yale Law Journal, pág. 25; Brannan's, *Negotiable Instrument Law*, Sexta ed., pág. 803 *et seq;* 5 U.L.A., parte segunda, págs. 309 y siguientes.

██ ·Por otro lado, en la cláusula segunda de la escritura de 31 de diciembre de 1948 otorgada por las partes, se hace constar lo siguiente:

"Constituye el precio o consideración de este contrato la convenida suma de ONCE MIL DÓLARES ($11,000) moneda legal en curso de los Estados Unidos de América, cuya cantidad es pagada por los compradores a los vendedores, en la forma siguiente: NOVECIENTOS DOLLARS ($900) que entrega en este acto en billetes de banco de la denominación pactada, SEIS MIL DOLLARS ($6,000) que se reservan dichos compradores para cancelar en su día una hipoteca que pesa sobre esta finca, cuyos términos conocen y aceptan los compradores, DOS MIL DOLLARS ($2,000) en un pagaré al portador por esa cantidad suscrito por don Adalberto Iturrondo y DOS MIL CIEN DOLLARS ($2,100) en diez pagarés por la suma de DOSCIENTOS DOLLARS ($200) cada uno de ellos con vencimientos mensuales y endosado por los compradores a los vendedores y otro pagaré de CIEN DOLLARS ($100) a favor de los compradores y endosados por éstos a los vendedores, estando dichos once pagarés suscritos por doña Asia viuda de Rivas, dando en total

estas sumas entregadas de dinero y valores de ONCE MIL DOLLARS que es el precio fijado para la venta, haciendo constar los vendedores que aceptan las obligaciones o pagarés que le han sido endosados y entregados en este acto."

De esa cláusula se desprende que el pagaré al portador por $2,000 formaba parte de la suma pagada por los compradores a los vendedores como causa en la compraventa de la casa, y de la totalidad de la escritura no aparece que existiera acuerdo o convenio de clase alguna limitando la aceptación del pagaré al portador. Tomando todo lo anterior en consideración, no fué un error de parte del tribunal inferior resolver que ese pagaré fué traspasado sin que se limitara su aceptación.

■■ Tampoco se cometieron los demás errores señalados. Dicho tribunal se negó a admitir en evidencia prueba oral tendiente a establecer, según los demandantes, la verdadera intención de las partes. Al discutir estos errores los apelantes insisten en que la cláusula antes copiada de la escritura es ambigua y que, por tanto, debió admitirse prueba de la naturaleza indicada para demostrar cuál fué el verdadero acuerdo entre las partes en relación con el pagaré en cuestión. A ese efecto dicen los apelantes "que es ambigua dicha escritura por la misma no especificar detenidamente si el pagaré por $2,000 suscrito por Adalberto C. Iturrondo fué entregado por los compradores a los vendedores como pago parcial, final y definitivo de parte del precio de venta de $11,000 . . . o si este pagaré de $2,000 fué entregado por los compradores a los vendedores como pago provisional del precio de venta de $11,000 y así quedó la deuda primitiva en suspenso hasta su realización o no realización."

El artículo 25 de la Ley de Evidencia, (Artículo 387 del Código de Enjuiciamiento Civil, ed. 1933) dispone:

"Cuando las condiciones de un convenio se hayan consignado por las partes en un documento, se considerará que contiene éste todas dichas condiciones, por lo que no cabrá entre las partes y sus representantes o sucesores en interés, evidencia alguna de las condiciones del convenio, fuera de lo contenido en el documento, excepto en los siguientes casos:

"1. Cuando una equivocación o imperfección en el documento fuere alegada en el litigio.

"2. Cuando la validez del convenio constituyere el hecho controvertido.

"Pero este artículo no excluye otra evidencia de circunstancias bajo las cuales fuere hecho el convenio, o con las cuales se relacionare, según lo definido en el artículo veinte y ocho, o para explicar una ambigüedad extrínseca, o probar ilegalidad o fraude. La palabra 'convenio' incluye escrituras y testamentos, así como contratos entre las partes."

En el presente caso la escritura otorgada ante notario público contiene varias cláusulas en relación con el contrato celebrado y es de presumirse que éste contiene todas las condiciones convenidas por las partes. Véase *The New York & Porto Rico S. S. Co.* v. *Dexter*, 16 D.P.R. 595. Aquí no se alega en forma alguna equivocación o imperfección en el documento. Tampoco se impugna la validez del mismo. Sólo se alega, repetimos, que existe ambigüedad extrínseca y que, por ende, el tribunal inferior debió admitir prueba oral para demostrar el verdadero acuerdo entre las partes en relación con el pagaré al portador. La escritura otorgada dice de manera paladina que el precio o consideración del contrato lo constituye la suma de $11,000, "cuya cantidad es pagada por los compradores a los vendedores, en la forma siguiente: . . . $2,000 en un pagaré al portador por esa cantidad suscrito por don Adalberto C. Iturrondo . . . ." No vemos, en verdad, ambigüedad de clase alguna en el documento en cuestión.

██ Por otra parte, en reiteradas ocasiones hemos resuelto que mediante prueba oral no se pueden variar los términos de un convenio escrito, cuando tal prueba no cae dentro de ninguna de las excepciones establecidas por el artículo 25 de la Ley de Evidencia. A este respecto dijimos en *Collazo* v. *Conesa*, 70 D.P.R. 155, 164 lo siguiente:

"El principio establecido por el artículo 25, supra, es harto conocido. En derecho americano se le describe con el nombre de *parol evidence rule*. La teoría en que se basa no es meramente que el documento constituye la mejor evidencia de lo acordado,

sino que su contenido representa el verdadero contrato entre las partes, no siendo admisible prueba oral para variarlo excepto en los casos provistos en el citado artículo. *Nicorelli* v. *Ernesto López & Cía.*, 26 D.P.R. 55; *Morales* v. *Díaz*, 24 D.P.R. 739. Véanse también 6 Harv. L. Rev. 325; 7 Calif. L. Rev. 417; 6 Cal. Jur., pág. 261, sec. 166; 10 Cal. Jur. 919, sec. 187; 12 Am. Jur. 755–757, secs. 232–234; y 20 Am. Jur. 958, sec. 1099. La prueba ofrecida por los demandados no caía dentro de ninguna de las excepciones establecidas por el artículo arriba copiado y la corte a quo no cometió error al desechar la misma."

Véanse además *Sucn. Rodríguez* v. *Virella*, 62 D.P.R. 651, 654; *Menéndez* v. *De La Fuente*, 34 D.P.R. 378; *Morales* v. *Díaz*, 24 D.P.R. 739; *Seitz* v. *Brewers' Refrigerating Machine Co.*, 35 L. ed. 837. *Cf.* 2 Jones *on Evidence*, 4ta. ed., pág. 836. La prueba oral que se ofrecía tendía claramente a variar los términos de la escritura. De acuerdo con ésta el pagaré al portador se entregaba como parte de la cantidad total pagada por la casa que los demandados adquirían, sin decirse en forma alguna que de no pagarse el pagaré por el librador a su vencimiento los compradores pagarían el mismo. Al permitirse la prueba oral interesada por los demandantes se estaría violando este principio de derecho. El tribunal inferior actuó, por tanto, acertadamente. (³)

*Debe confirmarse la sentencia apelada.*

(³) Según el artículo 67 de la Ley Uniforme de Instrumentos Negociables, supra, los vendedores hubieran logrado su objetivo de haber solicitado y obtenido de los compradores que endosaran sin condición alguna el pagaré al portador.