# 98 DTA 176

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI, CAGUAS, HUMACAO Y GUAYAMA

CARLOS ACOSTA RODRIGUEZ
Demandante-Recurrido

v.

CARMEN SOCORRO ALDEA ALDEA
Demandada-Recurrente

San Juan, Puerto Rico, a 23 de abril de 1998

Panel integrado por su Presidente, Juez Ortiz Carrión
y los Jueces González Rivera y Hernández Torres

Ortiz Carrión, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La señora Carmen Socorro Aldea apela de una sentencia en rebeldía en cobro de dinero, dictada por el Tribunal de Primera Instancia, Sala Municipal de Caguas. En su apelación la señora Aldea plantea que el tribunal apelado erró al concluir que ante los hechos de este caso el demandante-apelado tiene una causa de acción contra ella bajo el Artículo 1795 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5121. Antes de dilucidar este señalamiento, conviene hacer una relación de los antecedentes fácticos y procesales que dieron lugar a la controversia.

### I

El demandante-apelado, señor Carlos Acosta Rodríguez, presentó una demanda en cobro de dinero contra la apelante. Luego de celebrar una vista en su fondo a la que no compareció la apelante ni su representación legal, ██ el tribunal apelado dictó la sentencia cuya revocación se solicita, en la que hizo las siguientes determinaciones de hechos:

*"1) La parte demandante, Carlos Acosta Rodríguez, tiene un negocio de carnicería localizado en la calle Georgetti # 50 de Caguas, Puerto Rico (Admitido en la contestación a la demanda).*

*2) La parte demandada, Carmen Socorro Aldea, era gerente de Modular 4U para la fecha de los hechos (Admitido en la contestación a la demanda).*

*3) El 3 de marzo de 1996, la demandada cambió un cheque del seguro social en el negocio del demandante, a nombre de Francisco Sanabria, de fecha de 1ro de marzo de 1996, # 2218-649961-34, por la cantidad de $1,602.00 (Admitido en la contestación a la demanda).*

*4) El demandante le cambió dicho cheque a la demandada y ésta recibió $1,602.00 (Admitido en la contestación a la demanda).*

*5) El cheque estaba expedido a favor de Francisco Sanabria y endosado por esta misma persona.*

*6) El cheque no pudo ser cobrado posteriormente por el demandante ya que su librador se negó a honrarlo por tener un endoso fraudulento."*

Basándose en estas determinaciones, el tribunal apelado concluyó que el demandante tiene derecho a la causa de acción establecida por el Artículo 1795 del Código Civil de Puerto Rico en el cual se

dispone que cuando una persona reciba alguna cosa que no había derecho a cobrar, y que por error ha sido indebidamente entregada, surge la obligación de restituirla, y le ordenó a la señora Aldea a pagarle al demandante la suma de $1,602.00.

## II

En *París v. Canety*, 73 D.P.R. 403 (1952), el Tribunal Supremo de Puerto Rico resolvió un caso similar al caso de autos y estableció que una ley especial debe prevalecer sobre cualquier otro precepto de carácter general que de lo contrario podría ser aplicable a una materia. En virtud de ello, este caso no debe regirse por las disposiciones del Código Civil de Puerto Rico sobre el cobro de lo indebido como concluyó el tribunal apelado sino por lo dispuesto en la Ley Uniforme de Instrumentos Negociables, Núm. 17 de 22 de abril de 1930, según enmendada, y en particular por los artículos 66 y 67 de la ley, 19 L.P.R.A. sec. 116 y 117, ya que trata sobre las consecuencias jurídicas de la entrega y cobro de un cheque que aparecía endosado con el nombre de la persona a cuya orden se hizo pagadero. ■

Los artículos 66 y 67 de la Ley Uniforme de Instrumentos Negociables, establecen lo siguiente:

*"Artículo 66 - Toda persona que negociare un documento mediante su entrega o por endoso calificado, garantiza:*

*(1) que el documento es genuino y que es en todo sentido lo que representa;*

*(2) que tiene un buen título de propiedad sobre el mismo;*

*(3) que todas las partes que le hayan precedido tenían capacidad para contratar;*

*(4) que no tiene conocimiento de hecho alguno que pueda perjudicar la validez del documento o dejarlo sin efecto.*

*Artículo 67 - Toda persona que endose un documento sin condición alguna garantiza a todos los subsiguientes tenedores de buena fe lo siguiente: (1) lo mencionado en los incisos (1) a (3) del artículo 66; (2) que el documento, en el momento de su endoso, era válido y estaba en toda fuerza y efecto; además, se compromete a que el documento será aceptado y pagado, o ambas cosas, según fuere el caso, a la debida presentación del mismo, de acuerdo con sus términos; y a que, si no se hiciere honor al documento y se hubiere seguido el procedimiento necesario en ese caso, pagará el importe del documento al tenedor o a cualquier endosante subsiguiente que pudiera ser obligado al pago."*

En *Paris v. Canety, supra*, el Tribunal Supremo de Puerto Rico interpretó el texto de estos artículos y las consecuencias jurídicas que lo dispuesto por ellos tiene sobre quien recibe un documento negociable pagadero al portador sin exigirle endoso a quien se lo entrega. El Tribunal determinó que la garantía dispuesta por el artículo 66, no es equivalente al compromiso de pago dispuesto por el artículo 67 y por lo tanto, una persona que negocia un documento pagadero al portador mediante su entrega, sin haber endosado el mismo, no se compromete a pagar el importe consignado en el documento en caso de que la persona que lo haya aceptado no tuviera éxito en lograr su cobro del librador. Sobre esto véase además Britton, William, *The Liability of a Transferor by Delivery and of a Qualified Indorser*, 42 Yale Law Journal, 25 (1932) citado en *Paris v. Canety*.

En el caso de autos, la señora Aldea no endosó el cheque objeto de la demanda, y al negociárselo al señor Acosta Rodríguez mediante su entrega, no se comprometió a pagarle el importe del documento si él no podía cobrarlo; por lo que el señor Acosta Rodríguez no tiene una causa de acción de cobro de dinero contra la señora Aldea.

Por los fundamentos antes expuestos, se revoca la sentencia del tribunal apelado y se dicta sentencia desestimando la demanda incoada contra la apelante.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 98 DTA 176**

**1.** La señora Aldea señala en su apelación que la sentencia del tribunal apelado debe dejarse sin efecto porque la falta de comparecencia de su representación legal fue por razón justificada que no debe imputarse en su contra. En virtud de lo resuelto por esta sentencia este señalamiento se hace académico.

**2.** Esta Ley fue sustituida por la Ley de Transacciones Comerciales, Núm. 208 de 17 de agosto de 1995; sin embargo, la nueva ley no es de aplicación a este caso, ya que aunque en su sec. 5-102 disponía que comenzaría a regir a los ciento veinte (120) días después de su aprobación, fue enmendada por la Ley Núm. 244 de 21 de diciembre de 1995, en cuyo artículo 1 se dispone que comenzará a regir a los doscientos diez (210) días después de su aprobación y sus disposiciones serán de aplicación a transacciones y eventos que ocurran después de esa fecha. Por lo tanto, la Ley de Transacciones Comerciales comenzó a regir el 14 de marzo de 1996. La transacción objeto de la demanda se llevó a cabo el 3 de marzo del mismo año.