ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PEDRO GONZÁLEZ<br><br>Peticionario<br><br>v.<br><br>JUNTA DE DIRECTORES DE LA COOPERATIVA DE VIVIENDA LOS ROBLES<br><br>Recurrido | KLAN202400613 | Recurso de *Apelación* acogido como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV10546<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece Pedro González (Sr. González o peticionario) y nos solicita la revocación de una *Sentencia* dictada el 22 de mayo de 2024 por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario).[1] Mediante el referido dictamen, el TPI desestimó la revisión administrativa instada por el Sr. González contra la Junta de Directores de la Cooperativa de Vivienda Los Robles (Junta o recurrido).

De otra parte y tomando en consideración que la parte peticionaria interesa la revisión de una *Sentencia* fundamentada en la Ley Núm. 239 de 1 de septiembre de 2004, según enmendada, mejor conocida como la "Ley General de Sociedades Cooperativas de Puerto Rico de 2004", 5 LPRA sec. 4381 *et seq.*, (Ley de Cooperativas o Ley 239-2004) acogemos el recurso de epígrafe como un *certiorari*.[2] Ante ello conservaremos el número alfanumérico asignado para propósitos administrativos.

---

[1] La *Sentencia* fue notificada el 24 de mayo de 2023.
[2] Véase en particular el Artículo 35.8 de la Ley 239-2004, *supra*, sobre Revisión Judicial, 5 LPRA sec. 4588.

Número Identificador

SEN2024_____

Adelantamos que, conforme expondremos más adelante, procede expedir el auto de *certiorari* y modificar el dictamen impugnado. Veamos.

**I.**

El Sr. González era socio de la Cooperativa de Vivienda Los Robles y ocupa el apartamento número 310-B sito en la Ave. Américo Miranda #401 en San Juan, Puerto Rico. Por razón de presuntos incumplimientos con sus obligaciones de pago, la Junta emitió una *Resolución Final* dándole de baja como socio y ordenando el pago del saldo total de la deuda más cargos por mora y gastos incurridos. Inconforme, el Sr. González instó una primera *Petición de Revisión Judicial* el 10 de noviembre de 2023 contra la Junta ante el TPI, según autoriza la Ley Núm. 239-2004, *supra.* En esta solicitó que se dictara una sentencia sumaria para dejar sin efecto una resolución/citación del 16 de agosto de 2023 emitida por la Junta, así como ordenar la suspensión de cualquier resolución que se emita con relación a otra citación de 16 de octubre de 2023. Luego el Sr. González presentó una *Petición de Revisión Judicial Enmendada* el 14 de noviembre de 2023. En esta ocasión reiteró su solicitud en cuanto a la resolución/citación de 16 de agosto de 2023, así como la de 16 de octubre de 2023 y añadió que interesaba la revocación de la *Resolución Final* de 2 de noviembre de 2023 emitida por la Junta.

Como parte de sus alegaciones, el peticionario adujo que, recibió la citación a una vista para dilucidar su alegada falta de pago, 49 días después de la fecha indicada para celebrar la misma. Imploró al foro primario que, dejara sin efecto la determinación final ante la notificación defectuosa. Junto a su *Petición de Revisión Judicial Enmendada*, presentó copia de la *Citación a vista de morosidad por falta de pago y por historial de morosidad,* así como copia de la *Resolución Final* de 2 de noviembre de 2023 en la cual se

ordena su expulsión como socio de la Cooperativa y pago de lo adeudado. Surge del expediente que, a petición del Sr. González, el 14 de noviembre de 2023, el TPI expidió un emplazamiento dirigido a la Junta de Directores de la Cooperativa de Vivienda Los Robles. Con posterioridad, mediante moción presentada el 22 de diciembre de 2023, el peticionario informó sobre el diligenciamiento del referido emplazamiento efectuado el 8 de diciembre de 2023.

En reacción, la Junta acreditó su alegación responsiva y solicitó la desestimación de la causa. En esta clarificó que, la citación anejada al recurso por el peticionario versa sobre una etapa procesal correspondiente a una vista anterior, la cual no fue celebrada y dio lugar a la emisión de la segunda citación que corresponde a otra vista señalada para el 25 de octubre de 2023. Esta última fue enviada al peticionario el 13 de octubre de 2023. Sostuvo que, las notificaciones de la Junta al Sr. González fueron enviadas correctamente por lo que negó las alegaciones expuestas en su contra. Asimismo, suplicó al foro judicial que desestimara la *Petición de Revisión Judicial Enmendada* por ausencia de jurisdicción, ante la falta de notificación del recurso a la Junta en claro incumplimiento con el Artículo 35.8 de la Ley 239-2004, *supra.*

En atención a lo anterior y luego de autorizar la representación legal del Sr. González, así como conceder una prórroga, el peticionario se opuso a la moción dispositiva. En su escrito abundó sobre los asuntos relacionados al trámite procesal ante la Junta, previo a la notificación de la *Resolución Final* y la presentación de su caso ante el TPI. En cuanto a la falta de notificación de la copia de la Petición a la Junta, arguyó que, la Regla 35.8, *supra,* contempla como adversarios tanto a la Junta y a otras partes envueltas, por lo que la notificación a una parte envuelta debe ser realizada conforme las Reglas de Procedimiento Civil. Puntualizó que, "aquí el compareciente figura como el determinado socio

querellante y CVLR y su Junta de Directores el puesto procesal de la otra "parte envuelta".[3] El Sr. González arguyó que, no procedía la desestimación, toda vez que, emplazó a la Junta mediante emplazamiento personal el 8 de diciembre de 2023, conforme a derecho.

Evaluadas las posturas de las partes, el foro primario emitió la *Sentencia* apelada en la que concluyó que, el Sr. González cumplió con el requisito de presentar su *Petición de Revisión Administrativa Enmendada* ante el TPI oportunamente, pero obvió el requisito de notificar copia de la misma a la Junta. Como parte de su análisis determinó que, el peticionario no perfeccionó su recurso ante el foro primario, conforme exige los términos dispuestos en la Ley 239-2004, *supra*. Consignó que, el emplazamiento fue diligenciado el 8 de diciembre de 2023, fecha cuando ya había transcurrido el término de treinta días jurisdiccionales contados desde la notificación de la *Resolución Final* impugnada. En su pronunciamiento consignó que, el diligenciamiento del emplazamiento a la Junta, el 8 de diciembre de 2023, no curó el defecto porque el plazo jurisdiccional para perfeccionar el recurso expiró el 4 de diciembre de 2023. En virtud de lo anterior, el TPI declaró no ha lugar la *Petición de Revisión Judicial Enmendada* del Sr. González y ha lugar la *Solicitud de Desestimación* presentada por la Junta. En su consecuencia, desestimó el caso con perjuicio.

Insatisfecho, el Sr. González acude ante esta Curia y señala los siguientes errores:

> Erró el TPI en su estándar de revisión al adjudicar una moción dispositiva conforme a la Regla 10.2 de Procedimiento Civil.

> Erró el TPI al interpretar que la parte recurrente no cumplió con el Artículo 35.8 de la Ley 239 para fines de notificación.

---

[3] Véase inciso 22 de la *Oposición a Moción de Desestimación [SUMAC#13].*

El 27 de junio de 2024, emitimos una *Resolución*, en la cual ordenamos a la parte peticionaria evidenciar el cumplimiento de la Regla 13(B) y 14(B) del Reglamento del Tribunal de Apelaciones y concedimos término adicional para presentar el apéndice del recurso.[4] Acreditado lo anterior, apercibimos a la parte recurrida a cumplir estrictamente con la Regla 22 del Reglamento del Tribunal de Apelaciones.[5] En cumplimiento con ello, el 18 de julio de 2024, compareció la parte recurrida y presentó su *Alegato en Oposición a Apelación.* Con el beneficio de las posturas de ambas partes, procedemos a resolver.

**II.**

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario le solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de certiorari. *Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una

---

[4] 4 LPRA Ap. XXII-B, R.13(B) y R.14(B).
[5] 4 LPRA Ap. XXII-B, R. 22.

resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez*, supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, la discreción para expedir o no el auto de *certiorari* presentado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra*, pág. 848. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de certiorari. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra.

## B. Ley Núm. 239-2004, mejor conocida como Ley General de Sociedades Cooperativas de Puerto Rico de 2004

La Ley Núm. 239-2004, *supra*, fue promulgada con el propósito de facilitar el manejo adecuado de las cooperativas en Puerto Rico. Su exposición de motivos define el cooperativismo como "un sistema socioeconómico que busca la liberación, y facilita el perfeccionamiento integral del ser humano, mediante la justicia económica y la cooperación social." Exposición de Motivos de la Ley Núm. 239-2004, *supra*. El cooperativismo, en su acepción más simple, se refiere a "la asociación voluntaria y solidaria de personas que persiguen un fin común". *Cooperativa v. Colón Lebrón*, 203 DPR 812, 821 (2020). Este sistema socioeconómico se caracteriza, entre otras cosas, por: (1) el control democrático de sus personas socias; (2) la participación económica de éstas últimas en las ganancias de la entidad; y por (3) el compromiso o responsabilidad de la entidad con el desarrollo de su comunidad. Art. 3.1 de la Ley Núm. 239-2004, 5 LPRA sec. 4388.

Conforme el Artículo 35.5 de la Ley 239-2004, *supra*, la junta de directores tiene la facultad de amonestar, imponer penalidades, suspender cualquier servicio y separar de sus derechos y requerir el desalojo de todo socio que incumpla con sus obligaciones de pago o que incurra en conducta indebida. 5 LPRA sec. 4585.

Ahora bien, toda persona que resulte perjudicada por la determinación emitida por la junta de directores tendrá derecho a presentar una petición de revisión ante el TPI. Al respecto, el Artículo 35.8 de la Ley Núm. 239-2004 dispone:

> […] Los procedimientos para la revisión judicial habrán de iniciarse radicando en la sala con competencia del Tribunal de Primera Instancia la petición correspondiente dentro de **los treinta (30) días de haberse notificado por correo certificado la decisión final de la Junta. Este término será de carácter jurisdiccional. Copia de la petición se enviará a la Junta y a las partes envueltas.**
>
> […]
>
> Cualquier parte que resulte perjudicada por la sentencia del Tribunal de Primera Instancia **podrá solicitar la revisión de dicho fallo mediante *certiorari*, dentro de los treinta (30) días del archivo en autos de la decisión del Tribunal de Primera Instancia.** Este término será de carácter jurisdiccional. 5 LPRA sec. 4588. (Énfasis nuestro).

Como vemos, dicha disposición versa tanto sobre el término de presentación ante el foro primario, así como el requisito de notificación a la otra parte. En el caso *J. Directores v. Ramos*, 157 DPR 818 (2002), el Tribunal Supremo estableció que, la notificación del recurso a la Junta y a las partes involucradas, debe hacerse de manera simultánea a la presentación del escrito y dentro del término establecido. En específico, el Alto Foro dispuso que:

> […] [a]un cuando no existe controversia con respecto al término para notificar, y en vista de la filosofía que permea todo proceso judicial, la cual "auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste", (Cita omitida) **resulta forzoso concluir que la notificación debe ser realizada de manera simultánea a la presentación del escrito**[…] *Íd.*, pág. 823. (Énfasis nuestro).

Ahora bien, al entender sobre la presunta falta de una expresión clara del legislador sobre la naturaleza del término para notificar a la parte contraria, el Tribunal Supremo determinó que la presentación del recurso ante el foro primario dentro del término de treinta días es uno de naturaleza jurisdiccional.[6] Sin embargo tanto la notificación a la Junta y las partes envueltas debe ser realizada de forma simultánea con la radicación del recurso ante el TPI, pero dicho requisito de notificación, es de cumplimiento estricto. Así pues, "[e]l término para notificar a las partes es de cumplimiento estricto y, de no cumplirse, la parte deberá acreditar las razones que justifiquen dicha dilación. De no justificarse la tardanza, el recurso será desestimado." *Íd.*, pág. 825.

Cabe destacar que, al ser un término de cumplimiento estricto, no supone la desestimación automática del recurso. *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017). Sobre este particular, el Tribunal Supremo ha resuelto que este Tribunal carece de discreción para prorrogar un término de cumplimiento estricto de forma automática. *Íd.* Es decir, se requiere que la parte haya demostrado justa causa para su incumplimiento. *Íd.* De modo que, ante el incumplimiento de un término de cumplimiento estricto sin justa causa procede la desestimación del recurso según presentado. *Íd.*

Con respecto a la acreditación de justa causa, en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013), el Tribunal Supremo reiteró que;

> [...] [l]a acreditación de justa causa se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. (Énfasis suprimido)

---

[6] Aunque el Tribunal Supremo resolvió utilizando la ley anterior, Ley Núm. 50 de 4 de agosto de 1994, conocida como la Ley General de Sociedades Cooperativas de Puerto Rico, el lenguaje del Art. 35.8 de la ley vigente (Ley Núm. 239-2004), es similar al Art. 35.8 de la Ley Núm. 50-1994, con excepción del término para acudir en revisión ante el TPI ahora es de treinta días.

En ese sentido, para que un tribunal pueda eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Arriaga v. F.S.E.*, 145 DPR 122, 132 (1998).

## C. Reglas de Hermenéutica

Por último, es norma reiterada que, cuando una ley es clara y libre de toda ambigüedad, surge del texto expresamente cuál fue la intención legislativa tras su aprobación. *Rivera Torres v. UPR et al.*, 209 DPR 539, 549 (2022). Ahora bien, es un principio trillado y altamente arraigado la regla de hermenéutica que establece que una ley especial debe prevalecer sobre cualquier otro precepto aplicable que sea de carácter general. Véase *D.A.Co. v. Fcia San Martin*, 175 DPR 198 (2009); *A.I.I.Co. v. San Miguel*, 161 DPR 589, 597-598 (2004); *París v. Canety*, 73 DPR 403, 406 (1952).

### III.

En su recurso ante nos, el Sr. González señala que, el foro primario incidió al desestimar su *Petición de Revisión Judicial Enmendada.* Por una parte, plantea ciertos asuntos y controversias suscitadas durante el proceso desarrollado ante la Junta, previo a ser expulsado como socio de la Cooperativa, los cuales, a su entender, propiciaron su falta de comparecencia a la vista celebrada. Por otra parte, en su segundo señalamiento indica que, el TPI erró al no asumir jurisdicción en su caso. Aduce que, el Art. 35.8 de la Ley 239-2004, *supra,* contempla potenciales adversarios como partes envueltas y estas podrán ser notificadas de la petición de revisión ante el TPI, conforme las Reglas de Procedimiento Civil. A su entender, el peticionario notificó a la otra parte conforme a

derecho, mediante el emplazamiento diligenciado el 8 de diciembre de 2023.

Por ser un asunto de umbral nos corresponde revisar si el foro primario actuó correctamente al determinar que no ostenta jurisdicción para entender sobre la causa instada por el Sr. Gonzalez, conforme exige la Ley General de Sociedades Cooperativas de Puerto Rico, *supra*.

Hemos evaluado cuidadosamente el recurso ante nuestra consideración y entendemos que, en el presente caso se cumplen los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que permiten nuestra intervención en el dictamen recurrido. En su pronunciamiento el TPI puntualizó que, el emplazamiento diligenciado el 8 de diciembre de 2023, no curó el defecto en la notificación porque el plazo jurisdiccional para perfeccionar el recurso ante el TPI había transcurrido. Ahora bien, observamos que el foro primario no hizo referencia a lo resuelto en *J. Directores v. Ramos*, supra, sobre la notificación simultanea de cumplimiento estricto, por lo que, resulta necesario intervenir en el dictamen recurrido para clarificar el alcance de la ley y la jurisprudencia aplicable. Por ello, procedemos a expedir el auto de *certiorari*, a los únicos efectos de modificar el dictamen a los fines de aclarar que, el término dispuesto en la Regla 38.5 de la Ley Núm. 239-2004, *supra*, sobre la notificación a la Junta, es uno de estricto cumplimiento y que dicha notificación deber ser simultánea a la presentación del recurso dentro del término de 30 días, a tenor con lo resuelto en el caso *J. Directores v. Ramos*, supra y la Ley Núm. 239-2004.[7] Nos explicamos.

Al evaluar el cuadro fáctico procesal a la luz de lo dispuesto en el Artículo 35.8, *supra,* surge que, en la primera *Petición de Revisión Judicial* instada el 10 de noviembre de 2023, el Sr.

---

[7] Resuelto lo antes, se hace innecesario atender el primer señalamiento de error.

Gonzalez, en esencia, cuestionó una citación/resolución de 16 de agosto de 2023 y otra de 16 de octubre de 2023. La referida *Petición de Revisión Judicial* fue enmendada el 14 de noviembre de 2023 con el fin de añadir otra suplica en torno a su insatisfacción con lo resuelto por la Junta mediante la *Resolución Final* notificada al Sr. González el 3 de noviembre de 2023. Ciertamente y conforme la normativa antes expuesta, el Sr. González presentó su *Petición de Revisión Judicial Enmen*dada ante el TPI a tiempo, el 14 de noviembre de 2023. Tomando como ciertas las fechas expuestas por el peticionario observamos que, para impugnar la *Resolución Final*, el Sr. González contaba con treinta días para presentar su recurso ante el TPI, término que expiraba el 4 de diciembre de 2023 y así lo hizo el 14 de noviembre de 2023. Esto, sin embargo, no resuelve el caso. Según expusimos en el acápite anterior, el Art. 35.8, *supra,* contempla otro requisito para el perfeccionamiento en casos de revisión que incide sobre la jurisdicción del foro primario. Nos referimos al requisito de notificación simultánea de la copia de la Petición a la Junta. Lo antes fue señalado por la Junta en su petitorio de desestimación. La Junta adujo que, el Sr. González no le notificó copia de la *Petición de Revisión Judicial* como tampoco la Petición Enmendada, dentro del término de treinta días según lo establece la Ley Núm. 239-2004, *supra,* por lo que procedía la desestimación de la causa.

Ante tan importante señalamiento, el Sr. González explicó su interpretación del estatuto y la aplicación de las reglas de procedimiento civil en aras de sustentar el uso del emplazamiento como mecanismo de notificación. Sin embargo, no expuso claramente razón por la cual no le notificó simultáneamente a la otra parte, copia de la primera *Petición de Revisión Judicial*, el 10 de noviembre de 2023, así como la copia de la *Petición de Revisión Judicial Enmendada* instada el 14 de noviembre de 2023. Optó por

notificar a la otra parte, mediante un emplazamiento regular que fue expedido el 14 de noviembre de 2023. Aun así y de una óptica más favorable al peticionario, a la fecha de la expedición del emplazamiento todavía tenía hasta el 4 de diciembre de 2023 para notificar dentro del término jurisdiccional de treinta días, siempre y cuando acreditara justa causa por no haberlo hecho de forma simultánea y de forma tardía. Sin embargo, no fue hasta el 8 de diciembre de 2023, transcurrido los treinta días que notificó a la otra parte. A pesar de la oportunidad permitida por el foro primario al conceder término adicional para atender dicho planteamiento, de naturaleza jurisdiccional, presentado por la parte contraria, el peticionario no acreditó su justa causa para así poner en posición al TPI. Correspondía, en cambio, rebatir dicho planteamiento para detallar las razones que demostraran una justa causa para la falta de simultaneidad y dilación en la notificación de la copia de la Petición, a la parte contraria. Sin embargo, no surge del expediente que el Sr. González haya mencionado alguna justificación sobre la tardanza en la notificación de la copia de la Petición a la Junta. En su recurso, el Sr. González nos plantea la aplicación de las Reglas de Procedimiento Civil y el uso del emplazamiento para notificar a la otra parte. Sin embargo guarda silencio sobre los términos aplicables por virtud de la Regla 35.8, *supra*. Conforme surge de la normativa antes expuesta, la ley especial prevalece sobre cualquier otro que sea de carácter general.

Por ello y dado el incumplimiento con la notificación contemplada en la ley especial, el foro primario correctamente determinó que el recurso no se perfeccionó correctamente. Ante este cuadro fáctico y conforme lo establecido en la ley especial y según interpretado por el Tribunal Supremo en *J. Directores v. Ramos*, supra, el foro primario no erró al desestimar la causa por falta de jurisdicción.

**IV.**

A la luz de lo esbozado, expedimos el auto de *certiorari* a los únicos fines de modificar y aclarar que el término para notificar a la Junta, según lo dispuesto en la Regla 38.5 de la Ley Núm. 239-2004, *supra*, y conforme lo resuelto por el Tribunal Supremo en *J. Directores v. Ramos*, supra, sobre la notificación a la Junta, es uno de estricto cumplimiento y que dicha notificación deber ser simultánea a la presentación de la petición dentro del término de treinta días. Así modificada, se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones