EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Yvonne Rivera Torres, Gabriel Pérez y la Sociedad Legal de Gananciales<br><br>Recurridos<br><br>v.<br><br>Johanna Díaz López, John Doe y la Sociedad Legal de Gananciales, Carmen López Ruíz, John Doe 2, y la Sociedad Legal de Gananciales Villa Victoria Auto Sale<br><br>Peticionarios | Certiorari<br><br>2021 TSPR 96<br><br>207 DPR \_\_\_\_ |

Número del Caso: CC-2020-151

Fecha: 30 de junio de 2021

Tribunal de Apelaciones:

    Panel VII

Abogado de la parte peticionaria:

    Lcdo. Pablo Lugo Lebrón

Abogado de la parte recurrida:

    Lcdo. Carlos E. Rosado Muñoz

Materia: Derecho Corporativo- Para que un emplazamiento dirigido a una corporación doméstica sea eficaz, la "persona adulta" en presencia de quien se deje el emplazamiento debe tener una posición o función suficiente con cierto grado de autoridad o capacidad para representar a la corporación, de manera que se pueda presumir que remitirá el emplazamiento dirigido a la entidad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Yvonne Rivera Torres,
Gabriel Pérez y la
Sociedad Legal de Gananciales

    Recurridos

        v.

Johanna Díaz López, John Doe y
la Sociedad Legal de Gananciales,
Carmen López Ruíz, John Doe 2, y
la Sociedad Legal de Gananciales
Villa Victoria Auto Sale

    Peticionarios

CC-2020-151   *Certiorari*

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 29 de junio de 2021.

En el presente caso, nos corresponde pasar juicio sobre el alcance de las alternativas recogidas en el Art. 12.01 de la Ley General de Corporaciones, *infra*, para emplazar una corporación doméstica. Específicamente, debemos resolver si un emplazamiento, dirigido a una corporación doméstica y entregado a una vendedora a comisión de dicha corporación, satisface la precitada disposición de ley, por el mero hecho de tratarse de "una persona adulta" que se encuentra en la oficina o sede de negocio de la entidad al momento de diligenciarse el emplazamiento, según es requerido por el estatuto bajo análisis.

Luego de un detenido examen de los hechos ante nuestra consideración, así como de las disposiciones legales aplicables, adelantamos que la persona ante la cual se diligenció el emplazamiento objeto del presente litigio no es la "persona adulta" que reconoce la Ley General de Corporaciones, *infra*, como aquella capacitada para recibir el referido documento en representación de una corporación organizada en el Estado Libre Asociado de Puerto Rico. Así pues, por entender que el foro apelativo intermedio erró en su proceder, revocamos la *Sentencia* recurrida. Veamos.

I.

Los hechos que dieron origen a la causa de epígrafe no están en controversia. Allá para el año 2018, la señora Yvonne Rivera Torres (en adelante, "señora Rivera Torres"), el señor Gabriel Pérez y la sociedad legal de bienes gananciales compuesta por ambos (en conjunto, "el matrimonio Pérez-Rivera") presentaron una demanda en daños y perjuicios en contra de las señoras Johanna Díaz López (en adelante, "señora Díaz López"), Carmen López Ruiz (en adelante, "señora López Ruiz") y la corporación Villa Victoria Auto Sales, Inc. (en adelante, "Villa Victoria Auto").[1]

---

[1] Villa Victoria Auto Sale Inc., es una corporación doméstica registrada en el Departamento de Estado de Puerto Rico. Véase, *Apéndice de certiorari*, pág. 63.

En la demanda, el matrimonio Pérez-Rivera alegó que, mientras la señora Rivera Torres conducía su vehículo de motor, la señora Díaz López la impactó con el suyo ocasionándole serios daños, por los cuales estaba llamada a responder. El referido vehículo de motor, según se alega en la demanda, era propiedad de la señora López Ruiz.

En cuanto a la corporación Villa Victoria Auto, el matrimonio adujo que ésta también era responsable por los daños sufridos por éstos. Lo anterior, por permitir que un auto de su concesionario transitara por las vías públicas o fuera vendido sin el correspondiente seguro obligatorio. En la alternativa, y con respecto a la corporación, argumentó que la señora Díaz López se encontraba realizando funciones en nombre del mencionado concesionario de vehículos de motor, pues ésta última trabajaba como vendedora de autos a comisión en dicho concesionario.

Recibido el mencionado escrito, el Tribunal de Primera Instancia expidió los correspondientes emplazamientos y, posteriormente, el matrimonio Pérez-Rivera presentó prueba sobre su diligenciamiento. Sin embargo, debido a que no se recibieron alegaciones responsivas, el foro primario anotó la rebeldía a todos los codemandados.

Así las cosas, y luego de haberse presentado la prueba documental en apoyo a las alegaciones, el Tribunal

de Primera Instancia declaró *ha lugar* la demanda presentada por el matrimonio Pérez-Rivera y emitió una *Sentencia*. Mediante ésta, condenó a todos los codemandados al pago de cierta suma de dinero. En aseguramiento de su sentencia, el foro primario ordenó el embargo de las cuentas de Villa Victoria Auto por la cantidad de $50,072.95, suma de dinero que fue depositada en la Unidad de Cuentas del Tribunal de Primera Instancia.

Enterado de lo anterior, Villa Victoria Auto presentó una moción solicitando que se dejara sin efecto la orden de embargo, a la cual anejó ciertas declaraciones juradas. En resumen, argumentó que la *Sentencia* fue dictada sin jurisdicción sobre la corporación, pues el emplazamiento dirigido a ésta se diligenció a través de la codemandada, la señora Díaz López, quien no poseía autoridad alguna para actuar a nombre de la referida entidad, según dispone la Regla 4.4 de las de Procedimiento Civil, *infra*.

A raíz de ello, y evaluada la moción presentada por Villa Victoria Auto, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual tomó la antedicha moción como una de desestimación a tenor con la Regla 10.2 de Procedimiento Civil, *infra*, y le concedió término a las partes para que se expresaran. Dicha resolución fue oportunamente notificada a las partes en el litigio.

Cumpliendo con lo ordenado, Villa Victoria Auto presentó una moción, en la cual extendió sus anteriores argumentos, y solicitó el relevo de sentencia, así como la desestimación de la demanda en su contra. Por su parte, el matrimonio Pérez-Rivera replicó. En esencia, adujo que la *Sentencia* aquí en controversia había advenido final y firme, y enfatizó que, conforme al Art. 12.01 de la Ley General de Corporaciones, *infra*, Villa Victoria Auto había sido emplazada correctamente. Esto, por entender que el emplazamiento se diligenció en la oficina administrativa de la compañía, entregándosele a la señora Díaz López, quien le indicó al emplazador que podía recibir el correspondiente emplazamiento.

Examinados los planteamientos de ambas partes, el Tribunal de Primera Instancia ordenó la celebración de una vista evidenciaria con el único propósito de discutir lo relacionado al relevo de sentencia.[2] Celebrada la vista

---

[2] En dicha vista, la codemandada Villa Victoria Auto sentó como testigo al presidente de la corporación, el señor Javier Vázquez, quien declaró que él y el señor Miguel Losado eran los únicos autorizados a recibir el emplazamiento; que para el mes de octubre de 2017 vendió el vehículo objeto del accidente; y que advino en conocimiento de la demanda en su contra cuando una de sus cuentas fue embargada por el tribunal. La referida corporación también sentó a testificar a la señora Díaz López, quien admitió que para la fecha del accidente trabajaba como vendedora de autos por comisión en Villa Victoria Auto y que el vehículo objeto del accidente era de su propiedad, aunque la licencia y financiamiento había sido obtenido mediante el crédito de su señora madre, la codemandada López Ruiz. Además, narró que en determinada fecha una persona que se identificó como emplazador, llegó al concesionario Villa Victoria Auto y le entregó varios documentos. Sostuvo que recibió los documentos en su carácter personal y que no leyó a quién iban dirigidos. Asimismo, testificó no saber cuántos emplazamientos recibió ese día.

Por otro lado, el matrimonio Pérez-Rivera llamó a declarar al emplazador, el señor Mario J. Rivera Martínez. De su testimonio surge que éste reconoció tener una experiencia de más de doce (12) años como investigador y emplazador. Asimismo, declaró que visitó el

evidenciaria, y tras escuchar los argumentos de las partes, el 9 de septiembre de 2019 el foro primario notificó una *Resolución*.

En la referida *Resolución*, el Tribunal de Primera Instancia determinó que por ser la señora Díaz López una vendedora a comisión del concesionario Villa Victoria Auto, era una contratista independiente sin la capacidad suficiente para recibir el emplazamiento de la corporación, pues no cumplía con los requisitos exigidos en la Ley General de Corporaciones, *infra*, ni con las Reglas de Procedimiento Civil, *infra*. Sobre el particular, dispuso que era necesario que el emplazamiento a una corporación fuese diligenciado a través de aquella persona que ostentara cierto grado de autoridad o capacidad para representarla y quien, en todo caso, estuviese en una posición de suficiente responsabilidad como para que fuese razonable presumir que trasmitirá o remitirá el emplazamiento y demanda a sus superiores. Por eso, el foro primario concluyó que el emplazador no fue diligente en su gestión.

---

*dealer* Villa Victoria Auto luego de encontrar la dirección por internet, y que, al llegar, preguntó por la señora Díaz López. Expresó que llevaba tres (3) emplazamientos y que luego de completar el diligenciamiento a la señora Díaz López, preguntó en voz alta "quién puede recibir los emplazamientos de Villa Victoria", a lo que ésta le contestó que se los podía entregar a ella. Adujo que frente a la propia señora Díaz López llenó el correspondiente documento consignando lo siguiente: "Villa Victoria p/c Johana Díaz López". No obstante, aclaró que nunca hizo una búsqueda sobre quién era el agente residente de la corporación ni con qué autoridad la señora Díaz López recibía el emplazamiento de Villa Victoria Auto. Véase, *Apéndice de certiorari*, págs. 29-31.

Consecuentemente, dejó sin efecto la *Sentencia* y *Orden* de embargo dictadas en contra de Villa Victoria Auto.

Inconforme con dicho proceder, el matrimonio Pérez-Rivera solicitó al foro primario la reconsideración de su dictamen. En apretada síntesis, éste destacó que la señora Díaz López poseía la facultad, real y representativa, de la que razonablemente se podía presumir que ésta entregaría el emplazamiento y la demanda a Villa Victoria Auto. Apoyó lo anterior en que, a la luz del referido Art. 12.01, *supra*, se debe concluir que es válido el emplazamiento hecho en presencia de una persona mayor de edad en la oficina o sede de negocio de una corporación. En la alternativa, planteó que la corporación podía ser responsable bajo la doctrina de autoridad aparente. A la solicitud de reconsideración, el Tribunal de Primera Instancia le proveyó *no ha lugar*.

Insatisfechos con la anterior determinación, el matrimonio Pérez-Rivera compareció ante el Tribunal de Apelaciones mediante recurso de apelación y en auxilio de jurisdicción.[3] En esencia, arguyó que el foro primario erró al aplicar las disposiciones sobre emplazamientos de una corporación contenidos en el estatuto general, es

---

[3] El foro apelativo intermedio, mediante *Resolución*, declaró *ha lugar* la solicitud de auxilio y acogió el recurso instado como *certiorari*. A esos efectos, ordenó la paralización de los procedimientos en el Tribunal de Primera Instancia, incluyendo la devolución de los fondos consignados mediante embargo. Advirtió, además que, de haberse devuelto los fondos, Villa Victoria Auto debía a su vez devolverlos a la Unidad de Cuentas del foro primario. Véase, *Apéndice de certiorari*, pág. 194.

decir, la Regla 4.4 de Procedimiento Civil, *infra*, en lugar de aquellas dispuestas en el Art. 12.01 de la Ley General de Corporaciones*, infra*.

A dicho recurso, Villa Victoria Auto se opuso y reprodujo iguales argumentos que los presentados ante el Tribunal de Primera Instancia. Particularmente, acentuó que no debía validarse la interpretación hecha por la parte demandante sobre el texto de la Ley General de Corporaciones, *infra*, mediante la cual sugería que cualquier persona mayor de edad podía recibir el emplazamiento de una corporación en la oficina o sede de negocio. Sostuvo que cierta jurisprudencia, -- citada también por la parte demandante --, era clara a los efectos de que la persona que recibe un emplazamiento no puede ser cualquier persona. De otra parte, y por primera ocasión, Villa Victoria Auto alegó que la *Sentencia* dictada en su contra nunca le fue notificada, por lo que no había advenido final y firme.

Evaluados los alegatos de ambas partes, el Tribunal de Apelaciones dictó una *Sentencia*. Al así hacerlo, revocó la *Resolución* recurrida.

En su dictamen, el foro apelativo intermedio resolvió que el emplazamiento a Villa Victoria Auto se realizó conforme a las disposiciones de la Ley General de Corporaciones, *infra*. Para ello, concluyó que la señora Díaz López se consideraba como una *oficial* de la

corporación, según requiere el Art. 12.01 de la referida ley, *infra*, toda vez que ésta última le representó al emplazador que ella podía recibir el emplazamiento. No conteste con ese proceder, Villa Victoria Auto solicitó al Tribunal de Apelaciones la reconsideración de dicho dictamen, pedido que fue declarado *no ha lugar*.

En desacuerdo con la determinación del Tribunal de Apelaciones, Villa Victoria Auto acude ante nos mediante petición de *certiorari* y en auxilio de jurisdicción.[4] En su recurso, aduce que el foro apelativo intermedio erró al revocar al foro primario y al concluir que la señora Díaz López era una oficial autorizada a recibir emplazamientos a nombre de la corporación, así como al resolver que no procedía el relevo de sentencia.

Oportunamente, y bajo fundamentos similares a los presentados ante los foros precedidos, el matrimonio Pérez-Rivera se opuso a la solicitud de Villa Victoria Auto. En síntesis, reiteró que en la causa de epígrafe debían aplicarse las disposiciones de la Ley General de Corporaciones, *supra*, y no las Reglas de Procedimiento Civil, *supra*, para con ello confirmar la determinación del foro apelativo intermedio.

Trabada así la controversia, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[4] Mediante *Resolución,* el 12 de marzo de 2020 declaramos *ha lugar* el referido auxilio y ordenamos la paralización de los procedimientos en el foro primario, así como que se elevaran los autos del caso.

II.

Sabido es que, de conformidad con la cláusula constitucional del debido proceso de ley, un tribunal solo actuará sobre la persona de un demandado o demandada cuando haya adquirido jurisdicción sobre éste o ésta. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000); *First Bank of PR v. Inmob. Nac. Inc.*, 144 DPR 901, 913 (1998). En esa dirección, reiteradamente hemos expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un tribunal adquiere jurisdicción *in personam*. *Bernier González v. Rodríguez Becerra*, *supra*; *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017); *Quiñones Román v. Cía. ABC*, *supra*. El propósito del emplazamiento es, pues, notificarle a la persona demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Bernier González v. Rodríguez Becerra*, *supra*, págs. 644-645; *Torres Zayas v. Montano Gómez*, *supra*; *Banco Popular v. S.L.G. Lebrón*, 164 DPR 855, 863 (2005).

El emplazamiento constituye, así, el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando además el ejercicio de jurisdicción judicial. *Bernier González v. Rodríguez*

*Becerra*, *supra*, pág. 644; *Medina v. Medina*, 161 DPR 806, 823 (2004); *Acosta v. Marietta Services, ABC, Inc.*, 142 DPR 927, 931 (1997). Consecuentemente, y dado a que "el emplazamiento se mueve dentro del campo del Derecho constitucional", nuestro ordenamiento jurídico ha requerido el cumplimiento estricto de una serie de requisitos para su eficacia. R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 257. Véase, también, *Bernier González v. Rodríguez Becerra*, *supra*; *Torres Zayas v. Montano Gómez*, *supra*; *Lucero Cuevas v. San Juan Star*, 159 DPR 494, 507 (2003).

**En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la que un tribunal dicta sentencia "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado [..]".** (Énfasis suplido). *Torres Zayas v. Montano Gómez*, *supra*, págs. 468-469; *Lucero Cuevas v. San Juan Star*, *supra*, pág. 507; *Álvarez v. Arias*, 156 DPR 352, 366-367 (2002). **En dichos escenarios, se trataría de un caso de nulidad radical por imperativo constitucional.** *Torres Zayas v. Montano Gómez*, *supra*, pág. 469; *Lucero Cuevas v. San Juan Star*, *supra*, págs. 507-508; *Calderón Molina v. Federal Land Bank*, 89 DPR 704, 709 (1963).

Así las cosas, emplazar conforme a derecho, de ordinario, y según hemos sentenciado en el pasado, supone

dar estricto cumplimiento a los requisitos dispuestos en las Reglas de Procedimiento Civil, 32 LPRA Ap. V. En lo pertinente, este marco reglamentario provee para que, como norma general, se emplace a la persona demandada personalmente o, por vía de excepción, mediante edicto.

En cuanto al emplazamiento personal, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, sugiere que su diligenciamiento dependerá de la situación legal de la persona -- natural o jurídica --, a la cual se le servirá. Véase, Hernández Colón, *op. cit.*, pág. 262. **En el caso específico de una corporación, el inciso (e) de la Regla 4.4, *supra*, dispone que se diligenciará el emplazamiento entregándole copia de éste y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibirlo.**[5]

### III.

Ahora bien, habiendo reconocido que, como regla general, un tribunal adquiere jurisdicción sobre una corporación mediante el cumplimiento de la Regla 4.4(e) de Procedimiento Civil, *supra*, es menester señalar que la Asamblea Legislativa consistentemente ha adoptado un mecanismo alterno para adquirir jurisdicción sobre dichas

---

[5] Al respecto, cabe precisar que, en principio, no cabe hablar de emplazamiento personal a una corporación, pues se trata de una persona ficticia, por lo que el emplazamiento deberá hacerse mediante un agente o similar. Véase, IX *Fletcher Cyclopedia of the Law of Corporations* Sec.4412, págs. 472-473 (2020).

entidades. Como veremos, esa normativa especial tiene preeminencia sobre la norma procesal general antes explicada. Véase, *A.I.I.Co. v. San Miguel*, 161 DPR 589, 597 (2004)*; Córdova & Simonpietri v. Crown Am.*, 112 DPR 797, 800 (1982); *París v. Canety*, 73 DPR 403, 406 (1952).

Específicamente, la Ley General de Corporaciones, Ley Núm. 164 -2009, 14 LPRA sec. 3501 *et seq.*, establece la forma y manera en que se diligenciará el emplazamiento a una corporación, sea doméstica o foránea.[6] Sobre el particular, nos comenta el profesor Carlos Díaz Olivo, en su obra *Corporaciones: tratado sobre derecho corporativo,* que los mecanismos de emplazamiento contemplados en la Ley General de Corporaciones, *supra*, se distanciaron de la normativa general para ser más consistentes con la tendencia moderna "de facilitar el que se pueda asumir jurisdicción sobre la persona de la corporación". Carlos E. Díaz Olivo, *Corporaciones: tratado sobre derecho corporativo*, 2da ed., Colombia, AlmaForte, 2018, pág. 168. Véase, también, *Fletcher*, *supra,* Sec. 4410, pág. 467; *Quiñones Román v. Cía. ABC*, *supra*, pág. 376.

A esos efectos, el Art. 12.01 de la Ley General de Corporaciones, 14 LPRA sec. 3781, provee las siguientes alternativas:

> A. Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director

---

[6] Véase, por ejemplo, Arts. 12.01 y 13.11 de la Ley General de Corporaciones, 14 LPRA secs. 3781 y 3811.

de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. **El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma.** Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

B. Cuando mediante la debida diligencia no pudiere emplazarse una corporación entregando el emplazamiento a cualquier persona autorizada para recibirlo, según lo dispuesto en el inciso (A) de este Artículo, tal emplazamiento, se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado. (Énfasis suplido).

Como se puede apreciar, el precitado artículo provee tres (3) alternativas para emplazar a una corporación doméstica, en (3) tres escenarios distintos. Las primeras dos alternativas, recogidas en el inciso (A), son optativas, pudiéndose elegirse una o la otra, mientras que la tercera alternativa, en el inciso (B), solo podrá

utilizarse cuando mediante las debidas diligencias no se haya podido realizar una de las alternativas dispuestas en el inciso (A). Se trata, pues, de un proceso optativo y, en su defecto, supletorio.

Por su pertinencia a la controversia medular ante nuestra consideración, a continuación, examinaremos cada una de estas alternativas.

### A.

La primera alternativa dispone para que el emplazamiento, junto a la copia de la demanda, sean entregados físicamente a la persona que, a su vez, sea un oficial, director o agente inscrito (cuando sea un individuo)[7] de la corporación en el Estado Libre Asociado de Puerto Rico. Por tanto, esta alternativa aplica al escenario en el que el emplazador hace una entrega física, a la mano o en presencia de la persona natural designada a una de las tres (3) posiciones antes mencionadas.

### B.

De otra parte, la segunda alternativa, flexibiliza el diligenciamiento y permite dejar el emplazamiento junto a la demanda en al menos tres (3) lugares, a saber: el domicilio o residencia habitual de alguna de las personas mencionadas en la primera alternativa, o en la oficina designada u otra sede de negocios de la corporación en el

---

[7] Cuando se trate de un **agente residente corporativo** el emplazamiento se efectuará a través de éste y mediante su entrega al presidente, vicepresidente, secretario, subsecretario o cualquier director de esa persona jurídica.

Estado Libre Asociado. En otras palabras, para emplazar a una corporación bajo la segunda alternativa "no se requiere necesariamente la entrega física del emplazamiento a una de las personas mencionadas en la primera [alternativa]". Díaz Olivo, *op. cit.*, pág. 168.

**En este escenario, es importante mencionar que el emplazador podrá optar por dejar el emplazamiento en uno de los lugares mencionados en la ley, siempre y cuando lo haga en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial.** Acto seguido, el emplazador deberá consignar en la notificación la forma en que efectuó dicho diligenciamiento. Ello, pues, incumplir dichos requisitos tendría el efecto de invalidar el emplazamiento diligenciado mediante esta alternativa.

**Ahora bien, "[n]o puede perderse de vista que la persona a través de quien se diligencia el emplazamiento tiene que ser una persona cuya relación con la corporación convierte en razonable la expectativa y el supuesto de que la entidad quedará notificada del pleito en su contra".** (Énfasis suplido). Díaz Olivo, *op. cit.*, pág. 169. Por ello, "no basta con entregar el [emplazamiento] sin mayor contemplación a cualquier recepcionista o empleado de la corporación". *Íd.*[8]

---

[8] De igual forma, e interpretando el texto de la sección 321 de la ley de corporaciones en el estado de Delaware, 8 Del. C. sec. 321, el cual hemos calcado por igual en nuestra ley, nos dicen Balotti y Finkelstein que, "[i]f service is made on the place of business of

**De ahí que, este Tribunal ha resuelto en distintos momentos y circunstancias que las personas a través de las cuales se puede emplazar a una corporación deben estar en una "posición de suficiente responsabilidad como para que una persona razonable pueda presumir que trasmitirá o remitirá a sus superiores cualquier emplazamiento y demanda"**. (Énfasis suplida). *Lucero Cuevas v. San Juan Star*, *supra*, pág. 513; *Quiñones Román v. Cía. ABC*, *supra*, págs. 379-380. Es decir, lo verdaderamente importante es la relación entre la persona adulta ante quien se deja el emplazamiento y la corporación. *Lucero Cuevas v. San Juan Star*, *supra*; *Quiñones Román v. Cía. ABC*, *supra*; *Pou v. American Motors Corp.*, 127 DPR 810, 821 (1991).

Dicho ello, para una cabal comprensión de los asuntos ante nuestra consideración, resulta necesario repasar pronunciamientos previos de esta Curia, en los cuales hemos establecido los criterios mínimos con los que debe cumplir la persona natural a través de la cual se puede diligenciar el emplazamiento dirigido a una corporación.[9] Si bien la mayoría de los escenarios a estudiar son en el

---

the corporation in Delaware, **the person accepting the service must have <u>more than</u> a 'casual or fortuitous relationship' with the corporation"**. (Énfasis suplido). 1 *Balotti and Finkelstein's Delaware Law of Corporations and Business Organizations* Sec. 13.1, (3ra ed. 2021).

[9] En este punto, es menester señalar que "el Art. 12.01 es casi idéntico a su homólogo en la ley anterior. Las enmiendas realizadas […] fueron para aclarar su redacción". Manuelita Muñoz Rivera, *Ley de Corporaciones de Puerto Rico: análisis y comentarios*, 1era ed., Puerto Rico, SITUM, 2015, pág. 272. Queda claro, entonces, que la jurisprudencia que revisitamos, así como los comentarios de tratadistas, sirven de guía a la controversia ante nuestra consideración.

contexto de corporaciones foráneas, entendemos, los mismos pueden hacerse extensivos a las corporaciones domésticas. Véase, Artículo 21 del Código Civil de Puerto Rico, Ley Núm. 55 de 1 de junio de 2020.

Así pues, en *Hach Co. v. Pure Water Systems Inc.*, 114 DPR 58 (1983), determinamos que una secretaria -- que no era oficial, ni administradora, ni agente general o autorizado -- no podía ser la persona que recibiese el emplazamiento dirigido a la corporación para la cual trabajaba. Ello, además, considerando que la secretaria "ni siquiera conoc[ía] la dirección de [los] oficiales y directores". *Íd.*, pág. 63. Haciendo eco de lo resuelto en *González v. Chávez*, 103 DPR 474 (1975), reiteramos que "una corporación queda emplazada cuando el emplazamiento lo recibe una persona autorizada para ello por la compañía". *Íd.*

Posteriormente, en *Pou v. American Motors Corp*, *supra*, resolvimos que al amparo de la Regla 4.4(e) de Procedimiento Civil, *supra*, el foro de instancia había errado al asumir jurisdicción sobre una corporación foránea que fue emplazada mediante la entrega del emplazamiento a uno de sus distribuidores en Puerto Rico, una corporación doméstica. Explicamos en ese entonces que el empleado de la compañía distribuidora que recibió el emplazamiento no era ni funcionario ni oficial de la compañía foránea, por lo que no podía considerarse una

persona con la suficiente autoridad para propósitos de recibir dicho emplazamiento.

Por otro lado, en *Quiñones Román v. CIA ABC*, *supra*, validamos el emplazamiento en controversia tras resolver que el gerente operacional de cierto supermercado que pertenecía a una corporación foránea, "ostentaba una posición de suficiente responsabilidad como para que una persona razonable pudiese presumir que transmitiría o remitiría a sus superiores cualquier emplazamiento y demanda que recibiese dirigido contra su patrono, […] especialmente las relacionadas con incidentes ocurridos en el supermercado que administraba". *Íd.*, pág. 379.

Asimismo, en *León v. Rest. El Tropical*, 154 DPR 249 (2001), ante una controversia sobre un emplazamiento bajo la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA secs. 3118 *et seq.*, determinamos que un patrono queda emplazado conforme a derecho cuando se entrega el emplazamiento a la persona que está a cargo del negocio; en este caso la administradora del restaurante en el cual trabajaba la parte querellante. Al igual que en el contexto de una corporación, esta determinación se basó en la interpretación de que "razonablemente se pueda concluir que la persona demandada fue realmente notificada de la reclamación en su contra". *León v. Rest. El Tropical*, *supra*, pág. 258.

Por último, vale repasar el conocido caso de *Lucero Cuevas v. San Juan Star*, *supra*. En esa ocasión, igualmente atendimos una impugnación de un emplazamiento efectuado a un patrono querellado al amparo de la Ley Núm. 2, *supra*. La controversia giraba en torno a si un patrono quedaba válidamente emplazado a través del diligenciamiento del emplazamiento a un empleado asalariado de la corporación. A tales efectos, y por ser ilustrativo para imprimirle un significado razonable a lo dispuesto en la Ley Núm. 2, *supra*, sobre la notificación a los patronos querellados, allí repasamos lo establecido en la Regla 4.4(e) de Procedimiento Civil, *supra*, así como en el Art. 12.01(A) de la Ley General de Corporaciones, *supra*. **Concluimos entonces que "estas disposiciones no dejan la puerta abierta para permitir el emplazamiento de una corporación a través de cualquier persona",** pues es evidente que:

> para que la notificación hecha a la corporación sea válida y suficiente, se requiere que el emplazamiento se realice a través de personas que, por su posición o funciones, ostenten cierto grado de autoridad o capacidad para representar a la corporación. Esto es, el denominador común en relación con las personas designadas para recibir los emplazamientos lo es el elemento de representatividad. (Énfasis suplido). *Lucero Cuevas v. San Juan Star*, *supra*, pág. 512.[10]

---

[10] En este caso devolvimos el asunto al Tribunal de Primera Instancia para que, a la luz del derecho expuesto, celebrara una vista evidenciaria y resolviera la controversia de hecho en torno a la corrección del emplazamiento efectuado, toda vez que existía una necesidad real de determinar si el empleado asalariado poseía o no la **capacidad para representar** al patrono en el lugar de trabajo, es decir a la corporación. *Íd.*, pág. 519.

Nótese que, como ya señalamos, las interpretaciones antes realizadas se han dado en el contexto del emplazamiento a corporaciones, -- en su mayoría foráneas --, o patronos que a su vez son corporaciones. En ese sentido, la exégesis consistente es aquella que procura cumplir con el mandato constitucional de asegurar un debido proceso de ley, de forma tal que la corporación demandada efectivamente conozca que existe una acción judicial en su contra y oportunamente pueda ejercer su derecho a ser oída y defenderse.

**Recapitulando, queda entonces claro que cuando se opte por la segunda alternativa establecida en el Art. 12.01(A) de la Ley General de Corporaciones**, *supra*, **el emplazamiento a una corporación doméstica no podrá efectuarse a través de cualquier persona. Ello, pues, la persona adulta mediante la cual se diligencie el emplazamiento dirigido a una corporación doméstica debe estar en una posición de suficiente responsabilidad como para presumir que efectivamente remitirá el documento a la entidad.** En definitiva, como destaca un reconocido tratadista corporativo, "something more than a casual or fortuitous relationship between the adult served and the corporation must exist before [such] service can be deemed effective". III *Welch, Folk on the Delaware General Corporation Law* Sec. 321.01, pág.13-9 (6ta ed. 2019).

C.

Por otro lado, y como última alternativa, cuando mediando las debidas diligencias no se logre alguna de las dos (2) alternativas recogidas en el Art. 12.01(A), podrá entonces el emplazador recurrir a la tercera alternativa contemplada en la Ley General de Corporaciones, *supra*, la que a su vez nos remite a la normativa general pautada en la Regla 4.4(e) de Procedimiento Civil, *supra*. Ésta es, entregándole copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibirlo.

D.

En fin, que las tres (3) alternativas a las que hemos hecho referencia para emplazar a una corporación doméstica responden al principio de preeminencia que, como comentamos, por décadas ha mantenido la Asamblea Legislativa. Recordemos que la bien cimentada regla de hermenéutica establece que las disposiciones señaladas por una ley especial prevalecerán sobre aquellas disposiciones generales. Véase, Artículo 27 del Código Civil de Puerto Rico de 2020, Ley Núm. 55 de 1 de junio de 2020. Eso es así debido a que cuando una ley especial regula una materia se presume que la misma contiene la intención del legislador sobre esa especialidad, por lo que debe

prevalecer sobre cualquier otro precepto aplicable que sea de carácter general. Op. Sec. Just. Núm. 1 de 1977; *A.I.I.Co. v. San Miguel*, *supra*; *Córdova & Simonpietri v. Crown Am.*, *supra*; *París v. Canety*, *supra*.

IV.

Establecido lo anterior, y antes de proceder a disponer del caso que nos ocupa, resulta imperativo repasar la normativa relacionada al relevo de sentencia. Como sabemos, este es el mecanismo procesal que le permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. Véase, Hernández Colón, *op. cit.*, pág. 452.

Específicamente, la precitada regla dispone que, mediante una moción a esos efectos, el tribunal podrá relevar a una parte de una sentencia cuando, por ejemplo, haya mediado error, inadvertencia, sorpresa o negligencia excusable; **la sentencia sea nula**; o exista cualquier razón que justifique la concesión de un remedio contra la sentencia. *Íd*. Véase, Hernández Colón, *op. cit.*, pág. 454; *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 2020 TSPR 130, 205 DPR ___ (2020); *López García v. López García*, 200 DPR 50 (2018). **Así pues, una sentencia se considera nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley.** Véase, Hernández Colón, *op. cit.*, pág. 456; *HRS Erase, Inc. v. Centro Médico del*

*Turabo*, *Inc.*, *supra*; *García Colón v. Sucn. González*, 178 DPR 527, 543 (2010); *E.L.A v. Tribunal Superior*, 86 DPR 692, 697-698 (1962). De modo que, cuando se hace una reclamación meritoria de relevo de sentencia bajo el fundamento de nulidad, el tribunal no tiene discreción en la concesión del remedio. Véase, Hernández Colón, *op. cit.*, pág. 457; *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*; *García Colón v. Sucn. González*, *supra*, págs. 543-544.

V.

Por último, conviene recordar aquí que en nuestro ordenamiento jurídico es principio reiterado que los tribunales apelativos otorgarán gran deferencia a las determinaciones de hecho, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los tribunales de primera instancia. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Laboy Roque v. Pérez y otros*, 181 DPR 718 (2011); *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345 (2009). En esa dirección, y como norma general, los foros apelativos evitarán -- salvo que medie error manifiesto, pasión, prejuicio o parcialidad -- sustituir las determinaciones de hecho que hace un foro inferior, debido a que éste último es quien ve y escucha a los testigos y, por ende, está en mejor posición de evaluar y aquilatar la prueba presentada en el juicio. *Dávila Nieves v. Meléndez Marín*, *supra*, pág. 771; *Laboy*

*Roque v. Pérez y otros*, *supra*; *SLG Rivera Carrasquillo v. AAA*, *supra*, en la pág. 356. Después de todo, el "foro apelativo cuenta solamente con récords mudos e inexpresivos". *SLG Rivera Carrasquillo v. AAA*, *supra*; *Trinidad v. Chade*, 153 DPR 280, 291 (2001); *Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721, 728 (1984).

Es, pues, a la luz de la normativa antes expuesta que procedemos a resolver la controversia ante nuestra consideración.

VI.

Como mencionamos anteriormente, el presente caso nos permite exponer el alcance de las alternativas que provee el Art. 12.01 de la Ley General de Corporaciones, *supra*, para emplazar a una corporación doméstica. Específicamente, nos corresponde resolver si el emplazamiento a estas entidades puede dejarse en presencia de cualquier "persona adulta", en particular de una vendedora a comisión de una corporación, siempre y cuando esa persona se encuentre en uno de los lugares expresados en la ley para el diligenciamiento.

En el caso de autos, la parte peticionaria, Villa Victoria Auto, aduce que el diligenciamiento del emplazamiento mediante una vendedora a comisión no fue conforme a derecho, por lo que el Tribunal de Apelaciones erró al determinar que la señora Díaz López era una oficial de la corporación con la suficiente autoridad como para

presumir que razonablemente remitiría el emplazamiento a sus superiores; así como al denegar el relevo de sentencia. Le asiste la razón.

Y es que, al examinar el expediente ante nuestra consideración, notamos que el emplazamiento objeto del presente litigio fue diligenciado en la persona de la señora Díaz López. Sin embargo, ésta, por la posición que ocupaba en Villa Victoria Auto, no gozaba de la autoridad o capacidad suficiente para representar y recibir el emplazamiento dirigido a dicha corporación. Como cuestión de hecho, así quedó demostrado en la vista evidenciaria, donde -- entre otras cosas -- se consideró el testimonio del emplazador, quien admitió que le entregó el emplazamiento dirigido a Villa Victoria Auto a la señora Díaz López sin corroborar con qué autoridad ésta lo recibía.

En otras palabras, la función de la señora Díaz López en Villa Victoria Auto, se caracterizaba por ser una intermediaria entre el comprador que llegaba al mencionado concesionario en búsqueda de un vehículo de motor y la entidad para la cual trabajaba a comisión.[11] Incluso, y si

---

[11] Toda vez que hemos concluido que la señora Díaz López no era oficial alguna de Villa Victoria Auto, en la causa de epígrafe no cabe hablar de la doctrina de autoridad aparente. Como sabemos, "la autoridad aparente solo existe o se reconoce con relación a terceras personas; esto es, la autoridad que personas ajenas a la corporación pueden razonablemente entender que un oficial corporativo posee en vista de la conducta y el desempeño en la corporación". (Énfasis suplido). Díaz Olivo, *op. cit*, págs. 195-196. A tenor con lo anterior, cabe recordar que se ha considerado a un *oficial* de una corporación como aquel(la) elegido(a) por la Junta de Directores de la corporación o sus accionistas. Ello, pues, "the officers of a corporation are

tomáramos por ciertas las alegaciones de la parte recurrida de que la señora Díaz López tramitaba y formalizaba ventas de autos en Villa Victoria Auto, no vemos cómo ello coloca a ésta en una posición de autoridad o capacidad suficiente respecto a la corporación como para razonablemente presumir que remitiría el emplazamiento a dicha entidad.[12]

En fin, somos del criterio de que para que un emplazamiento dirigido a una corporación doméstica sea eficaz, la "persona adulta" en presencia de quien se deje el emplazamiento debe tener más que una relación casual o fortuita con esta última. La persona adulta, debe tener, pues, una posición o función suficiente -- con cierto grado de autoridad o capacidad -- para representar a la corporación, de forma que razonablemente se pueda presumir que remitirá el emplazamiento dirigido a la entidad. Tal no es el caso de autos.

Siendo ello así, se cometieron, pues, los errores señalados. Consecuentemente, y por no haberse adquirido

---

generally a president, vice-president, secretary and a treasurer. Other officers are sometimes created by the articles of incorporation or bylaws". C. Boardman Callaghan, *Fletcher Cyclopedia of the Law of Private Corporations,* Vol. II, sec. 434 (1996). "The officers, as such, are the corporation". Boardman Callaghan, *op. cit.,* pág. 306.

[12] Ahora bien, establecido lo anterior debemos dejar meridianamente claro que no estamos resolviendo que automáticamente cualquier vendedor(a) a comisión y contratista independiente queda descartada de la lista de personas que pueden recibir el emplazamiento a nombre de la corporación. Nótese que el criterio rector no es el título que ostenta la persona a través de la cual se deja el emplazamiento. **Lo verdaderamente determinante es que, por la posición o función que cumple dicha persona respecto a la entidad, razonablemente se pueda concluir que la corporación demandada conocerá que existe una acción en su contra por lo que oportunamente podrá ejercer sus derechos.**

jurisdicción sobre la persona de Villa Victoria Auto, la *Sentencia* que emitió el foro apelativo intermedio es nula respecto a lo dictado en contra de dicha corporación.

## VII.

Por los fundamentos antes expuestos, se revoca la *Sentencia* dictada por el Tribunal de Apelaciones. En consecuencia, se sostiene la *Resolución* dictada por el Tribunal de Primera Instancia que concedió el relevo de sentencia que solicitó Villa Victoria Auto y que dejó sin efecto la *Sentencia* dictada en contra de esta entidad. Se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos a tenor de lo aquí dispuesto.

Se dictará sentencia de conformidad.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Yvonne Rivera Torres, Gabriel
Pérez y la Sociedad Legal de
Gananciales

    Recurridos

       v.

Johanna Díaz López, John Doe y          CC-2020-151
la Sociedad Legal de Gananciales,
Carmen López Ruíz, John Doe 2, y
la Sociedad Legal de Gananciales
Villa Victoria Auto Sale

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2021.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la Sentencia dictada por el Tribunal de Apelaciones. En consecuencia, se sostiene la Resolución dictada por el Tribunal de Primera Instancia que concedió el relevo de sentencia que solicitó Villa Victoria Auto y que dejó sin efecto la Sentencia dictada en contra de esta entidad. Se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos a tenor de lo aquí dispuesto.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo